IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM FULKERSON,

      Plaintiff,

vs.                                                           Civ. No. 23-860 MV/SCY

NEW MEXICO OFFICE OF THE
ATTORNEY GENERAL,

      Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes the Court on Defendant's Motion to Dismiss (Doc. 2) and Plaintiff's Motion to Remand (Doc. 7). The Honorable Martha Vázquez referred this case to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 9. Having reviewed the motions and the applicable law, I recommend that the Court deny the motion to remand and grant the motion to dismiss.

## **PROCEDURAL BACKGROUND**

On August 1, 2023, Plaintiff, proceeding pro se, filed a complaint in state court against the New Mexico Office of the Attorney General ("NMOAG"). Doc. 1-1. The complaint alleges that multiple federal actors (i.e., judges) violated Plaintiff's federal and state-law rights when they issued final decisions in various legal cases that he filed without first addressing his property interest rights. Doc. 1-1 ¶¶ 2, 4, 7, 17. These violations of Plaintiff's civil rights, the complaint alleges, is a crime and so Plaintiff filed a "criminal online complaint" with the NMOAG. *Id.* ¶ 11; *see also id.* ¶¶ 8, 13. The NMOAG, however, failed to prosecute the federal actors. *Id.* ¶¶ 13-14, 19; *see also id.* ¶ 20 ("The cumulative effect is that these federal actors committed federal and state level crimes to which the NMOAG has chosen to ignore its legal

duty to investigate and to correct the illegal actions previously taken."). Plaintiff, therefore, brings this lawsuit against the NMOAG for violating "the Fourteenth Amendment of the U.S. Constitution by its inaction to protect its citizens' civil rights from federal intrusion," as well as "a number of statutes in 42 U.S.C. Chapter 21—Civil Rights, which are 1) subsection 1981(c)—Equal Rights under the Law; 2) subsection 1985(2,3)—Conspiracy to Interfere with Civil Rights; and 3) subsection 1986—Action for Neglect to prevent – which involves the harm caused by inaction." *Id.* ¶ 21; *see also id.* ¶ 9. Likewise, Plaintiff brings claims against the NMOAG "[b]ased upon the New Mexico Civil Rights Act" for violating "the civil rights of the Plaintiff under the state constitution and state law by its failure to act in a legally responsible manner regarding its duties and obligations to the citizens of the State." *Id.* ¶ 22.

On September 29, 2023, Defendant removed this case to federal court citing original, federal question jurisdiction over the claims arising under federal law and supplemental jurisdiction over the claims arising under state law. Doc. 1 ¶¶ 4, 8. At the same time as filing the notice of removal, Defendant filed a motion to dismiss. Doc. 2. On October 5, 2023, Plaintiff filed a response to the motion to dismiss, Doc. 6, as well as an "Opposition to Removal to Federal Court," Doc. 7. Given Plaintiff's pro se status, I recommend construing the opposition to removal as a motion to remand. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). On October 19, 2023, Defendant filed a reply to its motion to dismiss and a response to the motion to remand. Plaintiff did not file a reply to the motion to remand and his time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a). Accordingly, both motions are ready for a decision.

## ANALYSIS

**1. Motion to Remand**

Plaintiff argues that the notice of removal is untimely and the Court should therefore remand this matter to state court. Doc. 7 at 1. Plaintiff sent, by certified mail, a copy of the complaint and summons to the NMOAG's Albuquerque office, which that office received on August 16, 2023. Doc. 10-2, Doc. 10-3 ¶ 4. Thus, Plaintiff argues that the 30-day deadline for Defendant to remove the case ran on September 15, 2023, well before the September 29, 2023 date Defendant file its notice of removal. Doc. 7 at 1. Defendant, for its part, argues that it has not yet been properly served and so its time to remove has not yet expired. Doc. 10 at 2-3.

Under 28 U.S.C. § 1446(b)(1) "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Although the statute refers to "service or otherwise," the Supreme Court has clarified that the thirty-day time limit does not begin to run until after formal service of the complaint is completed. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Because the service at issue here took place before the case was removed to federal court, this Court must examine the state laws for proper service. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state, . . . to determine whether service of process was perfected prior to removal.").

New Mexico Rule 1-004(H)(1)(b) provides that "in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, [service may be made] by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution and to the attorney general." *See also* NMRA 1-

3

004(H)(1)(e) ("[S]ervice of process on the governor, attorney general, agency, bureau, department, commission or institution may be made either by serving a copy of the process to the governor, attorney general or the chief operating officer of an entity listed in this subparagraph or to the receptionist of the state officer."); NMSA § 38-1-17(C), (H) (same). Such service may be completed by mail "provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process." NMRA 1-004(E)(3).

     Here, Plaintiff did not deliver the summons and complaint to the head of the NMOAG's office, but mailed the complaint and summons to "NMOAG" at its Albuquerque branch office. Doc. 10-2. And although he filed a proof of service in state court, the certified mail receipt does not include any signatures from anyone with the NMOAG or indicate that a person authorized to accept service signed for the envelope. Doc. 10-1. NMOAG does acknowledge that its Albuquerque branch received a copy of the summons and complaint on August 16, 2023. Doc. 10-3 ¶ 4. But the 30-day deadline is not triggered "by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 348. Thus, I agree with Defendant that it has not yet been properly served. Accordingly, the 30-day deadline to remove has not been triggered and the notice of removal was not untimely. Consequently, I recommend denying Plaintiff's motion to remand (Doc. 7).

     Lastly, in his opposition to removal, Plaintiff "makes a motion for a change of jurisdiction and venue so that the Appeals Court for the Federal Sector takes jurisdiction over this case." Doc. 7 at 1. Plaintiff, however, offers no authority for this request, and I therefore recommend denying it.

### 2. Motion to Dismiss

Defendant moves to dismiss this action against it under Federal Rule of Civil Procedure 12(b)(6). Doc. 2. Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As an initial matter, Plaintiff asserts that the motion to dismiss is premature and "requests that the Court censure Defense Counsel for its action." Doc. 6 at 2. I recommend rejecting this request because the motion is not premature. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [including failure to state a claim] must be made before pleading if a responsive pleading is allowed."). After removing the case to federal court, but before filing an answer, Defendant properly filed its motion to dismiss.

Turning to the motion and the allegations in the complaint, Plaintiff alleges that certain federal actors committed crimes by way of violating his civil rights when they dismissed his various lawsuits. He brought these crimes to the attention of the NMOAG but it failed to prosecute them and so Plaintiff brings the present lawsuit against the NMOAG for its failure to prosecute. In moving to dismiss, Defendant argues that "failing to investigate or prosecute an alleged crime does not give rise to a cause of action." Doc. 2 at 3. The majority of the cases addressing a claim for failure to prosecute, however, decide the matter on a different but related issue: standing.[1] And although the Defendant does not move to dismiss for lack of standing,

---

[1] The Tenth Circuit has clarified the difference between standing and cause of action: cause of action "is used to refer roughly to the alleged invasion of recognized legal rights upon which a

standing is jurisdictional, *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993), and so "whenever standing is unclear," the court "must consider it *sua sponte* to ensure there is an Article III case or controversy." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1126 (10th Cir. 2013). Thus, I will start by examining Plaintiff's standing.

Standing requires that the plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir. 1993) (internal quotation marks and citation omitted). Examining the relationship between the injury alleged and the claim sought to be adjudicated, the Supreme Court held that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also id.* ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) ("Under this established principle of standing, each of us has a legal interest in how *we* are treated by law enforcement—but not a legally cognizable interest in how *others* are treated by law enforcement. So people accused of a crime have an obvious interest in being treated fairly by prosecutors . . . . But victims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted.") (emphasis in original).

---

plaintiff bases his claim for relief." *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) (internal quotation marks and citation omitted). "In contrast to the 'cause of action' inquiry on the nature of the right asserted, the 'standing' inquiry is a subsequent evaluation of the nature or extent of the plaintiff's injury-his stake in the action." *Id.*; *see also Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) ("Standing and the cause of action based on violation of civil rights are easily confused. Both focus on the nature of the plaintiff's injury and the nature of the invasion of his alleged right." (cleaned up)).

In *Doyle v. Oklahoma Bar Ass'n*, the Tenth Circuit applied *Linda R.S.* to dismiss for lack of standing a plaintiff's claim that a disciplinary agency, acting as a prosecuting authority, failed to discipline his ex-wife's lawyer because "the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer." 998 F.2d 1559, 1566-67 (10th Cir. 1993). Here too, even accepting Plaintiff's allegations as true—i.e., that the federal actors committed crimes when they dismissed his state court cases—the only people who stand to suffer a direct injury should the NMOAG prosecute them is the federal actors, not Plaintiff. And, Plaintiff's alleged injury—dismissal of state cases—is not redressable even if the NMOAG does criminally prosecute the federal actors. *See Linda R.S.*, 410 U.S. at 618 (finding no direct relationship between the plaintiff's injury of missing child support from her child's father, and her claim that the district attorney should prosecute the father because the requested relief, at most, would only result in the jailing of the child's father).

Given this precedent, I recommend finding that Plaintiff lacks standing to bring this lawsuit against the NMOAG for failure to prosecute. *See Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) ("The ordinary citizen does not have a general interest justifying a lawsuit based on the criminal prosecution or non-prosecution of another. Such a right is not recognized in the law and, indeed, it would be contrary to public policy to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective." (internal citation omitted)). I therefore recommend granting the motion to dismiss.[2] Defendant requests that dismissal be with prejudice. Doc. 2 at 5. However, because I recommend dismissing on a jurisdictional ground

---

[2] Because I recommend dismissing Plaintiff's claims on jurisdictional grounds, I recommend that the Court need not consider Defendant's other grounds for dismissal. Indeed, "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006).

(lack of standing), I recommend dismissing this matter without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice.").

## RECOMMENDATION

For these reasons, I recommend construing Plaintiff's Opposition to Removal to Federal Court (Doc. 7) as a motion to remand, and denying that motion. I also recommend granting Defendant's Motion to Dismiss (Doc. 2) and dismissing this matter without prejudice.

Lastly, Plaintiff requests oral arguments on both motions. Doc. 6 at 1, Doc. 7 at 1. I, however, find that oral arguments are not necessary to make a recommendation on this matter. *See* D.N.M. LR-Civ. 7.6(a) ("Unless otherwise ordered by the Court, . . . all motions will be decided on the briefs without a hearing.").

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**